UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE L. COLLIER and DENNIS COLLIER<br><br>Plaintiff,<br><br>VERSUS<br><br>ETHICON Inc. and JOHNSON AND JOHNSON<br><br>Defendants. | Civil Action No.: 2:22-cv-00168<br><br>Judge: Eldon E. Fallon<br><br>Magistrate Judge: Michael B. North |

## ORDER AND REASONS

Defendants Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC (collectively, "Defendants") filed this motion to dismiss for failure to state a claim on April 18, 2022. Plaintiffs Christine L. Collier and Dennis Collier (collectively, "Plaintiffs") filed a response to Defendants' motion on May 13, 2022, and Defendants filed a reply on May 24, 2022. Plaintiff filed a supplemental memorandum to their response on May 31, 2022. Having considered the briefing and the applicable law, the Court rules as follows.

I. BACKGROUND

This case, brought under the Louisiana Products Liability Act (LPLA) in which Plaintiffs allege they sustained injuries and damages when an Echelon 29mm Circular Powered Stapler EEA allegedly misfired during colon surgery performed on Christine L. Collier at Ochnser Northshore Medical Center, Slidell, Louisiana on February 8, 2021. R. Doc. 1 at 1. Defendants, subsidiaries of Johnson & Johnson, Inc., are the designers and manufacturers of the Echelon Stapler. *Id.*

Plaintiffs allege that the misfiring of the Echelon Stapler was the direct and proximate cause of Christine L. Collier ("Ms. Collier") incurring significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life. *Id.* at 2. Specifically, Plaintiffs aver that Ms. Collier had to undergo two additional surgeries to treat issues caused by the stapler misfiring, and that she suffered significant medical issues and pain after the colon surgery as a result of the misfire. *Id.* Plaintiffs cite numerous FDA reporting on potential safety malfunctions on surgical staplers, including the one at issue, from at least two years before her surgery. *Id.* at 7. Plaintiffs state manufacturing defect, design defect, failure to warn, negligence, and loss of consortium as causes of action. *Id.* at 13-21.

## II.  PRESENT MOTIONS

Defendants filed the present motion to dismiss for failure to state a claim, and Plaintiffs filed a response and supplemental memorandum in support. R. Doc. 26; R. Doc. 29; R. Doc. 36. Defendants are seeking to dismiss Plaintiffs' first, second, and fourth causes of action, respectively the manufacturing defect, design defect, and negligence claims. R. Doc. 26 at 1. Defendants filed a reply to Plaintiffs' response, as well. R. Doc. 32. Defendants allege that counts one and two are insufficiently pled and fail to state a claim for which relief can be granted. R. Doc. 26-1 at 1. Defendants further allege that count four, the negligence claim, and Plaintiffs' request for punitive damages and attorneys' fees are not viable as a matter of law. *Id.*

In their response and supplement, Plaintiffs aver that they have sufficiently pled specific facts that state a plausible claim. R. Doc. 29 at 2. Plaintiffs allege that the pleading standard called for by Defendants in their motion to dismiss is incorrect, and that they need only plead enough facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary claims or elements. *Id.* at 7. Furthermore, Plaintiffs did not oppose the dismissal of their negligence claim and request for punitive damages and attorneys' fees. *Id.* at 1.

Defendants continue to allege that Plaintiffs failed to state a claim for which relief can be granted in their reply. R. Doc. 30-2 at 1. Defendants allege that, based solely on the facts in their complaint and not additional evidence from Plaintiffs' response, Plaintiffs rely on evidence relating to different products and different surgeries to allege that the stapler used in the surgery at issue was defective. *Id.*

### III. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a 12(b)(6) motion, the Court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). However, a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### IV. DISCUSSION

A. **First Cause of Action – Manufacturing Defect**

Defendants argue that Plaintiffs' defective construction or composition claim must be dismissed because Plaintiffs have failed to adduce any facts showing that the stapler at issue deviated from its intended design. R. Doc. 26-1 at 4. They point out that Plaintiffs' allegations are focused on recalls and adverse reports regarding other models of surgical stapler also manufactured by Defendants. *Id.* at 6. Accordingly, they claim, Plaintiffs' allegations establish only a "sheer possibility" that Plaintiffs' claim is true, failing to meet the Rule 12(b)(6) pleading standard. *Id.*

On the other hand, Plaintiffs argue that they have successfully pled a claim for a manufacturing defect under the LPLA. They allege in their complaint that on May 15, 2019, the FDA issued a Class One Device Recall for 12 models of Ethicon's Curved Intraluminal Staplers, including three 29mm models like the one used in Ms. Collier's surgery, which were designed and manufactured for use in gastrointestinal surgeries including in patients undergoing surgery for a sigmoid colectomy, such as Ms. Collier's surgery here. The recall was issued because the stapler had an insufficient firing stroke to break the washer and completely form staples. The recall also stated that an investigation conducted by Ethicon of the manufacturing process of the staplers detected a "shift in a process", which occurred in March of 2018 through March 8, 2019, at which necessitated that the line be shut down. After the recall, the FDA received Maude adverse reports for the 29mm stapler used in Plaintiff's surgery, reporting the same malfunction. Both the April 2019 recall of Ethicon surgical staplers, issued by the Defendants, and the May 2019 recall of Ethicon surgical staplers, issued by the FDA, stated that as a "result of manufacturing defects" in the recalled devices the stapler may have an insufficient firing stroke. In their complaint, Plaintiffs allege the same or similar manufacturing defect occurred in

production of the stapler used in Ms. Collier's February 2021 surgery. Her medical provider and medical records confirm that the stapler failed to fire. Plaintiffs also allege the stapler at issue malfunctioned because of manufacturing defect which rendered the surgical stapler unreasonably dangerous, and that the defect existed at the time the stapler was distributed by the Defendants, as evidenced by the company's own recall notice and the FDA recall notice of a similar product. Plaintiffs allege that the defect was a substantial factor in causing Ms. Collier's injuries.

Plaintiff may not be able to prove that the actual stapler used in her surgery was defective, but she need not do so at this stage. She has plausibly pled that the stapler in question contained a manufacturing defect. Accordingly, Defendants' Motion to Dismiss as to Count One is DENIED.

### B. Second Cause of Action – Design Defect

Defendants argue that Plaintiffs' design defect claim must be dismissed because Plaintiffs have failed to plead facts identifying a safer alternate design. R. Doc. 26-1 at 7.

Under the LPLA, a product is unreasonably dangerous because of a defect in design if: (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. LA. STAT. ANN. § 9:2800.56. "The LPLA 'does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred.'" *Dendinger v. Covidien LP*, No. 18- 4168, 2018 WL 4462579, at *2 (E.D. La. Sept. 18, 2018) (quoting *McCarthy v. Danek Medical, Inc.*, 65 F. Supp. 2d 410, 412 (E.D. La. 1999). Consequently, "[a]

conclusory allegation that an alternate design exists will not suffice." *Rivers v. Remington Arms Co., LLC*, No. 17-17124, 2018 WL 746392, at *4 (E.D. La. Feb. 7, 2018).

Nowhere in their Complaint do Plaintiffs identify an alternate safer design to the stapler in question, simply claiming that "[a] safer alternative design of the surgical stapler in question existed at the time of Plaintiff's surgery." R. Doc. 1 at 16. This is a conclusory allegation that does not suffice to plead the existence of an alternate safer design. In their Memorandum in Opposition to the instant motion, Plaintiffs discuss the design of a different surgical stapler which emits an audible warning if the stapler does not fire. R. Doc. 29 at 11. However, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Cont'l Auto. Sys., Inc. v. Avanci*, L.L.C., 27 F.4th 326, 333 n.9 (5th Cir. 2022) (cleaned up). Plaintiffs cannot use their Opposition brief to amend an otherwise deficient Complaint. *Cont'l Auto. Sys., Inc.*, 27 F.4th at 333 n.9. Defendants are thus correct and Plaintiffs failed to plead a safer alternate design. Accordingly, Defendants' motion to dismiss is GRANTED as to Count Two. However, Plaintiffs' request to amend their Complaint to identify a safer alternative design is also GRANTED.

### C. Fourth Cause of Action – Negligence

Plaintiffs affirmatively waived Count Four in their Memorandum in Opposition to the instant motion. R. Doc. 29 at 1. Accordingly, Defendants' motion to dismiss is GRANTED as to Count Four.

### D. Punitive Damages and Attorneys' Fees

Plaintiffs affirmatively waived their requests for punitive damages and attorneys' fees in their Memorandum in Opposition to the instant motion. R. Doc. 29 at 1. Accordingly,

Defendants' motion to dismiss is GRANTED as to Plaintiffs' requests for punitive damages and attorneys' fees.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff is DIRECTED to file an Amended Complaint as to Count Two no later than August 17th, 2022.

New Orleans, Louisiana, this 3rd day of August, 2022.

ELDON E. FALLON
UNITED STATES DISTRICT JUDGE