UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHRISTINE L. COLLIER AND DENNIS COLLIER,<br><br>PLAINTIFFS,<br><br>v.<br><br>ETHICON ENDO-SURGERY, INC. AND ETHICON ENDO-SURGERY, LLC,<br><br>DEFENDANTS. | CIVIL ACTION NO. 2:22-CV-00168<br><br>DISTRICT JUDGE: ELDON E. FALLON<br><br>MAG. JUDGE: MICHAEL B. NORTH |

**DEFENDANTS' OPPOSITION PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, ALTERNATIVELY MOTION TO LIMIT THE DEFENDANTS FROM USING DOCUMENTS PRODUCED ON AND AFTER JUNE 4, 2024**

NOW INTO COURT, through undersigned counsel come Defendants, Ethicon Endo-Surgery, Inc. and Ethicon Endo-Surgery, LLC (collectively "Ethicon" or "Defendants") who respectfully submit this opposition to Plaintiffs' Motion for Protective Order, Alternatively Motion to Limit the Defendants from Using Documents Produced on and after June 4, 2024 ("Motion").

## I. INTRODUCTION

Plaintiffs' Motion seeks to sanction Ethicon for complying with this Court's orders. *See* Rec. Doc. 86 and 102. It is ironic and contradictory that Plaintiffs are now complaining about the very documents they fervently sought through motion practice and that Defendants were ordered by this Court to produce. In compliance with these orders, Ethicon worked diligently to identify custodians, identify search terms, conferred with Plaintiff on search terms (which only further expanded the scope of these searches), collected documents, sent them to a third-party vendor for collection, collation and initial review. Thereafter, Defendants were required to perform attorney review for confidentiality, responsiveness, and privilege considerations. After completing this

lengthy, thorough process, Defendants produced documents on a rolling basis to facilitate Plaintiffs' review and preparation. This was not only applicable to the ESI documents that the Court ordered the parties to meet and confer on (Rec. Doc. 86), but also applied to the over 10,000 pages of post-surgery complaint files that the Court also found discoverable. Notably, Defendants were required to review each and every page of these complaint files to redact personal identifying information of patients, healthcare providers, and voluntary reporters pursuant to federal regulations. Ethicon warned opposing counsel and this Court of the volume and overbreadth of the documents sought, and the onerous and time-consuming nature involved with reviewing and redacting these documents prior to production. Rec. Doc. 83 at pp. 19-22 (arguing the disproportional and onerous nature of Plaintiff's ESI requests and attaching an affidavit of an eDiscovery vendor representative in support thereof); *see also* Ex. A– 5.23.24 Hearing Tr. at 7:13-25; 8: 1-25; 9:1-14. (highlighting Plaintiffs' request for 3 years of post-surgery complaint files, and the potential volume of documents that encompasses). Tellingly, Plaintiffs' Motion vindicates Ethicon's original arguments.

Despite Ethicon's efforts to efficiently comply with this Court's orders, Plaintiffs' Motion complains that the document production they wanted is too large, and that it was not done fast enough. Yet, over 95% of the rolling production, and almost the entirety of the July 19, 2024 production (the focus of the Motion), were post-surgery complaint files ***that Plaintiff already knew about and had from the publicly available MAUDE database***. In fact, Plaintiff's awareness, possession, production, and use of the complaints in depositions and in their expert reports proves they were aware of the volume of post-surgery complaint files long before the Court ordered that they were discoverable. Hence, Plaintiffs are not prejudiced by these productions because they already knew the landscape and substance of these complaints.

Moreover, considering Plaintiffs received the July 19, 2024 production with more than two weeks to review and prepare for the 30(b)(6) depositions, Plaintiffs' request to keep these depositions open and limit Ethicon's use of these documents is an attempt to obstruct the discovery process and manipulate the Court's newly entered scheduling order to their advantage. Namely, the current scheduling order (Rec. Doc. 114) requires Plaintiffs to produce supplemental expert reports within 10 days of the completion of 30(b)(6) depositions. Plaintiffs seek to circumvent this deadline by securing additional time for the 30(b)(6) depositions and then seeking to leave the depositions open as an excuse to issue supplemental expert reports after Defendants' expert report deadline. In fact, on a recent status call with the court, Judge Fallon specifically disagreed with Plaintiffs' requests for a "back and forth" expert disclosure after the 30(b)(6) depositions as is covertly being sought here. Rec. Doc. 113.

Plaintiffs Motion is trying to have it three ways: demanding extensive discovery, seeking to penalize Defendants for complying with those demands, and circumventing the Court's current scheduling order. Moreover, Defendants should only produce corporate witnesses once in this matter. Plaintiffs tactics should not be permitted, this Motion should be denied, and the parties should proceed with the 30(b)(6) depositions the week of August 5, 2024, as scheduled, without an opportunity to leave the depositions open.

## II. BRIEF PROCEDURAL BACKGROUND

Plaintiffs' recitation of the procedural history of this case, after this Court's May 23, 2024 Order, lacks necessary context. On June 3, 2024, understanding the unworkable schedule in front of the parties, Ethicon sent a motion for extension of deadlines, so as to facilitate a more workable schedule for the parties to complete the large amount of discovery that was still required to prepare this matter for trial. Ex. B– 6.3.24 Email to Plaintiffs. Despite several emails and phone calls,

Plaintiffs never responded. *Id*. Coincidentally, on Wednesday June 5, 2024, Judge Fallon *sua sponte* contacted all parties to "check in on the status of this case" and see if the late July 2024 trial setting was still workable. Ex. C - 6.5.24 Email with Court. Despite knowing the volume of documents Ethicon was ordered to produce, Plaintiffs responded that "we are on track for a 7-10-day trial to commence as scheduled. Discovery is ongoing. If you have any questions, please let us know." *Id.* The Court then set an in-person conference for June 7, 2024. Rec. Doc. 103. During this conference, the Court continued the July 2024 trial date to November 2024. Contrary to Plaintiffs' Motion (and their 6.5.24 email to the Court), Plaintiffs opposed the continuance. At this same status conference, Plaintiffs then elected to postpone the June 30(b)(6) deposition dates.

Because of the continuance, the parties were ordered to meet and confer on an agreed upon scheduling order; namely, as to the deadlines for expert reports. Rec. Doc. 104. However, the parties' disagreed on the schedule, which led to more status conferences and submissions with the Court to resolve the scheduling order. *See* Rec. Docs. 105, 106 and 113. In the midst of the argument over the scheduling order, the Plaintiffs advised, and Defendants agreed, to have the 30(b)(6) depositions take place the week of July 29, 2024. However, on July 10, 2024, two weeks after Judge Fallon issued the scheduling order, Plaintiffs changed the 30(b)(6) deposition dates (again) to the week of August 5, 2024 and that "two days would be sufficient." Ex. D – 7.10.24 Email from Plaintiff. However, Plaintiffs also explained that they were adding new corporate deposition topics (ultimately, Plaintiffs added 70 additional topics), and that they wanted to take an additional eight (8) fact depositions of company witnesses. *Id.* Notably, by this time, Ethicon had already made three supplemental productions in accordance with this Court's order and, as such, Plaintiffs knew that Defendants were working diligently to collect and produce the requested

documents. Additionally, the parties were in the process of taking numerous depositions of medical providers that Plaintiffs identified as trial witness in its 12th supplemental disclosure.

Thereafter, on July 25, 2024, Plaintiffs sent a letter and proposed draft of the instant Motion. Ex. E – 7.25.24 Email and attachments. Therein, Plaintiffs' letter laid out their arguments and advised that they were seeking attorney's fees and sanctions against Ethicon, despite the fact that Ethicon served its document production to comply with this Court's order. Ex. E– 7.25.24 Plaintiff Ltr to Ethicon. Notably, Plaintiff never requested or set an in person or telephonic meet and confer as required by Rule 37 (much like they didn't with their other motion, which they pulled down – Rec. Doc. 107-110), but instead required a response in less than 24 hours, or the motion was going to be filed. *Id*.

Defendants issued a letter response on July 26, 2024. Rec. Doc. 116-2. Tellingly, Plaintiffs immediately withdrew their request for attorney's fees. Ex. F – 7.26.24 email correspondence. Plaintiff then filed the instant motion.

## III. LAW AND ANALYSIS

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 37(c)(1) permits the Court to impose sanctions for failure to provide information or identify a witness as required by Rule 26(a) or (e). However, sanctions are only appropriate if the failure was substantially unjustified or harmful. Defendants have diligently complied with this Court's orders, producing the requested documents in a timely manner despite the substantial volume and complexity of the materials. The documents were produced on a rolling basis to facilitate Plaintiffs' review and preparation. This does not amount to sanctionable conduct under Rule 37, and the Court should deny Plaintiffs' Motion.

**B. Plaintiffs Have Suffered No Prejudice**

Plaintiffs claim prejudice due to the timing of the document production, yet they have had sufficient time to review the documents and prepare for the depositions. Any further delays are unwarranted and would serve only to benefit Plaintiffs strategically, not substantively. Plaintiffs' claim that the July 19, 2024 production has hampered their ability to adequately prepare for depositions and trial is not supported by the facts. Plaintiffs argue that the volume of documents is overwhelming and that the timing of the production= is unfair and prejudicial. However, it is important to note that Plaintiffs were fully aware of the scope of their discovery requests and the time required to compile and produce such a large volume of documents. Additionally, Defendants made every effort to produce the documents in a timely and organized manner, adhering to the Court's orders and maintaining transparency throughout the process. Finally, the vast majority of the rolling production are complaint files which Plaintiffs admittedly have access to via the FDA MAUDE database.

In response to Ethicon's written discovery requests, Plaintiffs has produced almost 2000 pages of MAUDE complaint files regarding powered circular staplers' purported "failure to fire." The majority of these documents post-date Ms. Collier's February 8, 2021 surgery. In fact, Plaintiff only identified 42 complaints that existed before her surgery. During Dr. Parks's deposition, Plaintiffs' counsel represented to Dr. Parks that there were 42 complaints regarding the specific stapler at issue prior to Ms. Collier's surgery. Ex. G – Dep. of Dr. Parks, 162:14-17. ("Hypothetically, if you had told her before her surgery that there were 42 complaints of this specific stapler failure to fire that caused injury, do you think she could have understood that?"). Additionally, Plaintiffs own expert, Morton Jensen, issued a report in a report in May 2024, long before Ethicon's disputed productions, that included an opinion that:

> "X. Review of the FDA MAUDE, Johnson & Johnson Product Investigation Reports and Complaint Detail Reports and reports show that the CDH29P staplers ***exhibited failures to fire before and after February 8, 2021.*** These reports are used and relied upon by my and by other experts in my field."

Ex. H – Jensen Report at p. JM00040. (emphasis added). Hence, any suggestion that Plaintiffs have been prejudiced by Ethicon's rolling productions, in line with this Court's orders, is contradicted by their own knowledge, possession and use of these files before Ethicon's productions.

Furthermore, Plaintiffs' counsel has also admitted that he did not plan to ask Ethicon corporate reps about each and every complaint file. In fact, when discussing the discoverability and relevance of depositions about complaints about manual staplers, Plaintiff's counsel explained "I got the complaints. I can read them. I'm not going to question him about 200 complaints. Why should I? Why are we going to waste that time?" Ex. I – 3.27.2024 Hearing Tr. at p. 14. Hence, Plaintiffs' counsel's arguments about the meaningfulness of these additional complaints is also undermined by his own representations about the usefulness of 200 complaints, much less thousands of pages of them.

Finally, Plaintiffs' claims of prejudice due to the timing of the document production are unfounded. Plaintiffs have had ample time to review the documents and prepare for the depositions. Any further delays are unwarranted and would serve only to benefit Plaintiffs strategically, not substantively. Plaintiffs have had more than 2 weeks to review the production, which is plenty of time to prepare for the 30(b)(6) depositions, as evidenced by Plaintiffs' prompt addition of 70 topics to the 30(b)(6) deposition notice after receiving the first three document productions.

Considering their awareness, possession, production and use of the complaints which form the vast majority of the July 19, 2024 Ethicon production, Plaintiffs are not prejudiced and have had ample opportunity to prepare for the 30(b)(6) deposition topics that cover documents that have been produced in line with this Court's orders.

**C. Plaintiff's Proposed Remedies are Unnecessary and Unjustified**

Plaintiffs' request to prohibit Defendants from using documents produced after June 4, 2024, is an excessive and punitive measure designed to manipulate the litigation process. This absurd consequence is merely a red herring so that Plaintiffs can put forth the alternative remedy of keeping the depositions open. The Court should not allow Plaintiffs to manipulate the litigation in this manner. The documents in question were produced in compliance with this Court's order on a rolling basis due to the time and resources required to produce the documents, following Plaintiffs' own motions to compel. Moreover, fact discovery remains ongoing, and the fact discovery deadline does not expire until September 20, 2024. R. Doc. 114. Penalizing Defendants for adhering to the Court's directives is both unjust and unwarranted.

1. <u>Due Process Considerations</u>

Due process mandates that parties in litigation have a fair opportunity to present their case and to use all relevant evidence available to them. Plaintiffs' Motion seeks to deprive Defendants of this fundamental right by excluding critical documents from their use and consideration at trial. This would create an uneven playing field, granting Plaintiffs an unfair advantage and impeding the Defendants' ability to defend themselves effectively.

2. <u>Good Faith Compliance</u>

Defendants have acted in good faith throughout the discovery process. The production of documents was conducted in a timely and transparent manner, with the intent to comply fully with

the Court's orders. Plaintiffs' Motion, which seeks to punish Defendants for their compliance, is not only baseless but also contradictory to the spirit of cooperative discovery. Defendants have fully complied with the Court's orders to produce documents. Magistrate Judge North ordered the production of documents, which were delivered in good faith and within a reasonable time frame given the volume and complexity of the requested information. Seeking sanctions against Defendants for compliance with a court order is both illogical and inappropriate.

Similarly, permitting Plaintiffs to keep the Rule 30(b)(6) depositions open indefinitely based on the timing of document production is an unreasonable and disruptive request that threatens the integrity of the Judge Fallon's scheduling order. Such a measure would lead to prolonged litigation and unnecessary delays, undermining the efficiency and predictability of the judicial process.

3. Impact on Scheduling Order

Judge Fallon's scheduling order has set clear deadlines to ensure the timely progression of this case towards trial. Allowing depositions to remain open would violate this order and create significant scheduling conflicts, delaying the resolution of the case and increasing litigation costs for both parties. The scheduling order is designed to provide a structured and efficient timeline, which Plaintiffs' request would wholly disrupt. Moreover, Plaintiffs are required to supplement their expert reports within 10 days of the 30(b)(6) depositions. Allowing Plaintiffs to keep the depositions open merely because Defendants provided the requested documents would result in Plaintiffs' expert report modifications being due after Defendants' expert reports once again. It is blatantly clear that Plaintiffs are attempting to manipulate the schedule to gain an unfair advantage by pushing their expert report deadline passed the Defendants' deadline, allowing them to counter any opinions made by Defendants' experts.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court deny Plaintiffs' Motion for Protective Order, Alternatively Motion to Limit the Defendants from Using Documents Produced on and after June 4, 2024, and grant any further relief the Court deems just and proper. Defendants propose that both parties agree not to use the documents produced in June and July 2024 at trial, which is an equitable solution that addresses any concerns of prejudice while maintaining the integrity of the discovery process and the Court's schedule.Furthermore, Defendants should only have to produce their 30(b)(6) witnesses once, and thus request that the 30(b)(6) depositions proceed the week of August 5, 2024, as scheduled. Lastly, Defendants request that the Court deny Plaintiffs' request to leave the 30(b)(6) depositions open.

Respectfully submitted,

**IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC**

*/s/Carlos A. Benach*
Kim E. Moore, T.A. (#18653)
Carlos A. Benach (#36797)
Madison Sharko (#36670)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
***ATTORNEYS FOR ETHICON ENDO-SURGERY INC. AND ETHICON ENDO-SURGERY LLC***